UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LARRY BENFORD, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 2:11-cv-114-JMS-WGH |
| ) | |
| APRIL ROGERS and DR. RUIZ, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Summary Judgment**

As noted in a prior ruling, this is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Larry Benford against Nurse Rogers and Dr. Ruiz.[1] The Court previously granted summary judgment in favor of Nurse Rogers and Dr. Ruiz on Mr. Benford's claims for constitutionally inadequate medical care. [Dkt. 68.] The factual findings from that entry are incorporated herein. At the conclusion of that ruling, the Court noted that Mr. Benford's operative complaint also alleged a cause of action for retaliation against Nurse Rogers and Dr. Ruiz. The retaliation claim was not addressed in the first motion for summary judgment. It alleged that Mr. Benford was placed in segregation in the Putnam County Jail in October and November of 2009 for filing too many grievances, and later placed in an all-white cellblock in 2010 in retaliation for filing a lawsuit. Mr. Benford is black.

Nurse Rogers and Dr. Ruiz then sought leave to file a belated or supplemental motion for summary judgment, which the Court granted. [Dkt. 69, 70.] The Motion for Summary Judgment

---

[1] Mr. Benford also asserted claims against a number of employees of the Putnam County Jail, but those claims were dismissed by stipulation. [Dkt. 37, 38].

on Plaintiff's Claim for Retaliation [dkt. 71] was filed on April 10, 2013. On May 3, 2012, at a status conference conducted by the magistrate judge, Mr. Benford asked for an extension of time to respond to the motion. He was given a deadline of June 15, 2013. He did not respond. The motion is therefore ripe for ruling, and subject to summary ruling pursuant to Local Rule 7-1(c)(5). Moreover, because Mr. Benford failed to properly address – or respond at all – to Nurse Roger's and Dr. Ruiz's assertion[s] of fact "the court may consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

## Standard of Review

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence is unnecessary because, as a matter of law, it would conclude in the moving party's favor. *See* Fed. R. Civ. Pro. 56. To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. Pro. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. Pro. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. Pro. 56(c)(4). Failure to properly support a fact in opposition to a movant's

factual assertion can result in the movant's fact being considered undisputed, and potentially the grant of summary judgment. Fed. R. Civ. Pro. 56(e).

The Court need only consider the cited materials, Fed. R. Civ. Pro. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson v. Cambridge Indus.,* 325 F.3d 892, 898 (7th Cir. 2003). Furthermore, reliance on the pleadings or conclusory statements backed by inadmissible evidence is insufficient to create an issue of material fact on summary judgment. *Id.* at 901. And Mr. Benford has submitted no evidence whatsoever. His response to the initial motion for summary judgment was unsworn, and while his Amended Complaint is submitted under penalties of perjury, its allegations as to retaliation are a mere collection of conclusory statements. These conclusory statements are unsupported by any evidence. As the Court noted in its first entry on summary judgment, "[r]eliance on conclusory statements backed by inadmissible evidence is insufficient to create an issue of material fact on summary judgment. *Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir. 2003). It follows that a conclusory statement backed by no evidence is likewise insufficient to create a material fact."

The key inquiry, then, is whether admissible evidence exists to support a plaintiff's claims, not the weight or credibility of that evidence, both of which are assessments reserved to the trier of fact. *See Schacht v. Wis. Dep't of Corrections,* 175 F.3d 497, 504 (7th Cir. 1999). When evaluating this inquiry, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and resolve "any doubt as to the existence of a genuine issue for trial . . . against the moving party." *Celotex,* 477 U.S. at 330.

Accordingly, although the assertions of fact submitted by Nurse Rogers and Dr. Ruiz are admitted as true due to Mr. Benford's lack of response, the Court will consider them in accordance with the foregoing standards.

### Statement of Facts

At the times pertinent to Benford's claims he was an inmate at the Putnam County Jail ("Jail"). He was incarcerated for two separate periods, July 23, 2009 to December 2009 and again between April 2010 and May 2010. Nurse Rogers was a licensed practical nurse employed at the Jail, and for a portion of those times Dr. Ruiz was a physician who provided medical care to Jail inmates. Dr. Ruiz worked at the Jail from July 23, 2009 to mid-October 2009. Neither Nurse Rogers nor Dr. Ruiz placed Mr. Benford in segregation, and neither had the authority or ability to place an inmate in segregation. [Dkt.74-4.] During the time the Mr. Benford claims he was placed in an all-white cellblock, Dr. Ruiz was no longer employed at the Jail. Nurse Rogers had no knowledge of the racial composition of Mr. Benford's cell block, nor any involvement with his cell block assignment during either period of his incarceration. [Dkt. 74-4 at 2.] [2]

### Discussion

Benford's claims are asserted pursuant to 42 U.S.C. § 1983. This ubiquitous statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert,* 526 U.S. 286, 290 (1999). "[T]he first

---

[2]In an apparent attempt to defeat a possible claim for retaliatory inadequate medical treatment, Nurse Rogers and Dr. Ruiz devote a considerable portion of their brief to rehashing the evidence of the medical care provided to Mr. Benford. The Court does not read Mr. Benford's amended complaint as asserting such a claim. Even if it did, the Court agrees with Nurse Rogers and Dr. Ruiz that such a claim would be legally insufficient, given the Court's conclusion that Nurse Rogers and Dr. Ruiz provided Mr. Benford with constitutionally adequate medical care. [Dkt. 73 at 14.]

step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *see Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005)("[C]onstitutional claims must be addressed under the most applicable provision.").

Here Mr. Benford asserts a claim under the First Amendment. A prisoner has a right under the First Amendment to file grievances and lawsuits complaining about the conditions of his or her confinement without retaliation by prison officials for the exercise of that right. *See Babcock v. White*, 102 F.3d 267, 274-75 (7th Cir. 1996). To succeed on a First Amendment retaliation claim Mr. Benford must prove that: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (*quoting Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008); *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)). *See also Mays v. Springborn*, 2013 WL 2504964 (7th Cir. 2013) (emphasizing that as to the causation issue, plaintiff has the burden of proving that retaliation was a motivating factor in the challenged conduct, but that, even if he proved this, the defendants could still prevail if they persuaded the jury that it was more likely than not that the strip search would have taken place even if there had been no retaliatory motive.) Another bedrock principle of § 1983 jurisprudence is implicated here: An individual must have personally participated in the alleged constitutional deprivation in order to be held responsible for the violation of a federally secured right for which a remedy in damages is sought pursuant to § 1983. *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000).

Nurse Rogers and Dr. Ruiz argue that they in no way retaliated against Mr. Benford for

the filing of any grievances or a lawsuit. The undisputed evidence they submitted establishes that:

- Neither Nurse Rogers nor Dr. Ruiz was personally involved in the placement decisions that resulted in Mr. Benford's assignment to segregation or any particular cellblock.

- Neither Nurse Rogers nor Dr. Ruiz was involved in the processing of the grievances submitted by Mr. Benford.

- Retaliation was not a motivating factor in any action taken by Nurse Rogers or Dr. Ruiz in their treatment of Mr. Benford.

- Dr. Ruiz was not working at the Jail at the time Mr. Benford was placed in segregation or housed in the all-white cell block.

The absence of any admissible evidence to counter these facts dooms Mr. Benford's retaliation claim. Nurse Rogers and Dr. Ruiz are entitled to judgment on the remaining claim as matter of law.

## Conclusion

For the foregoing reasons, the Motion for Summary Judgment on Plaintiff's Claim for Retaliation [dkt. 71] is **granted**. Final judgment will issue accordingly.

**IT IS SO ORDERED.**

Date: 07/30/2013

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Larry Benford
1440 No. 23rd Street
Terre Haute, IN 47803

All electronically registered counsel